# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT AUSTIN | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| | : | NO. 01-7325 |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, *et al* | : | |

**KEARNEY, J.** September 18, 2017

## MEMORANDUM

Parties must timely seek reconsideration of an Order even when incarcerated and challenging a federal judge's denial of a petition for *habeas corpus* based on alleged errors in the state court trial resulting in conviction. It becomes even more difficult to seek reconsideration of an Order after our court of appeals denies the right to appeal the Order. Reconsideration must be sought within a reasonable time. When, as today, a party seeks reconsideration of a May 21, 2003 Order which our court of appeals twice denied a request to review and without presenting meritorious grounds for his delay, we must enter the accompanying Order denying his motion for reconsideration of the same May 21, 2003 Order denying *habeas* relief.

I.   **Facts**

In October 1994, the state court tried Robert Austin on charges of murder and robbery. A Philadelphia county jury found him guilty of murder in the first degree and robbery in October 1994.[1] As the jury could not reach an unanimous decision on the penalty for the first degree murder conviction, Judge Stout sentenced Mr. Austin to consecutive terms of life in prison for his murder conviction and ten to twenty years for his robbery conviction.[2] Mr. Austin appealed

to the Pennsylvania Superior Court which denied his appeal.[3] Mr. Austin petitioned the Pennsylvania Supreme Court for allowance of appeal and it denied his petition.[4]

Mr. Austin filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act and the Commonwealth appointed counsel for him.[5] Mr. Austin's counsel found no merit and requested and granted permission to withdraw his appearance from the Post-Conviction Relief Act court.[6] Mr. Austin requested new counsel and the court denied his request.[7] Mr. Austin did not appeal this decision or proceed *pro se* with his petition.[8]

In September 2002, Mr. Austin petitioned for a writ of *habeas corpus* challenging evidence at trial. Judge Pollak of this court approved and adopted Chief Magistrate Judge Melinson's report and recommendation and, as reasoned in a nine page opinion, denied his petition on May 21, 2003 as untimely.[9] Mr. Austin requested a certificate of appealability from our court of appeals which it denied. Our court of appeals also denied Mr. Austin's request to file a second or successive *habeas* petition on August 20, 2004.

In September 2015, over fourteen years after Judge Pollak denied Mr. Austin's petition, he now asks we reopen and reconsider the May 21, 2003 Order under Fed. R. Civ. P. 60(b) arguing Judge Stout made an improper evidentiary and dispositive finding regarding his guilt contrary to the Commonwealth's expert witness. As best as we can discern, Mr. Austin did not raise this issue in his 2002 *habeas* petition.

## II. Analysis

Having twice failed on *habeas* relief, Mr. Austin now hopes to reargue Judge Pollak's May 21, 2003 Order based on Federal Rule of Civil Procedure 60(b).

We may grant relief from a final judgment under Fed. R. Civ. P. 60(b) where there is "1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

2

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[10]

Mr. Austin faces a timeliness obstacle as "motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[11] Though there is no clear definition of "reasonable time," our court of appeals has held a period of less than two years is not a reasonable time.[12] Over fourteen years have passed since Judge Pollak's Order.

Before turning to the merits of whether we can address entirely new arguments challenging his 1994 conviction possibly not raised before Judge Pollak in 2002 and 2003, we need to address the timeliness of Mr. Austin's present tact. The only possible ground under Rule 60(b) would be a showing of "any other reason" justifying relief under Rule 60(b)(6).

A Rule 60(b)(6) motion must also be filed within a reasonable time. Mr. Austin is challenging Judge Pollak's May 21, 2003 denial of his first *habeas corpus* petition.[13] In *Fraticelli v. Piazza*, the district court held five years after the initial judgment constituted an unreasonable time for a 60(b)(6) motion.[14] In *Thompson v. Superintendent Coal Township SCI*, our court of appeals held three years as an unreasonable amount of time for a Rule 60(b)(6) motion.[15] Our court of appeals examined whether petitioner had an excuse justifying the three years in delay before filing.[16] Finding no excuse, our court of appeals rejected the Rule 60(b)(6) application.[17] Mr. Austin's 60(b)(6) motion is much longer than these periods.

3

Mr. Austin argues his Rule 60(b)(6) motion is made within a reasonable time because he is filing his petition within a reasonable time after the Supreme Court decided *Buck v. Davis* and the Pennsylvania Supreme Court dismissed his appeal.[18] It is unclear whether Mr. Austin is arguing *Buck*'s clarification of the Supreme Court's decision as to the raising of a claim of ineffective assistance of post-conviction counsel in *Martinez v. Ryan* is the event which marks the beginning of the reasonable time for filing a Rule 60(b)(6) motion for relief or if his case marks the "extraordinary circumstances" enumerated by *Buck* as the only way for a Rule 60(b)(6) motion to proceed in the habeas corpus context.[19] On both arguments, Mr. Austin fails.

In *Martinez v. Ryan*, the Supreme Court considered whether a prisoner could establish cause for a procedural default exception to Fed. R. Civ. P. 60(b) in the context of an ineffective assistance of counsel claim raised during the "initial-review collateral proceedings."[20] *Martinez* involved a prisoner convicted of illegal sexual acts attempting to bring an ineffective assistance of counsel claim against his appellate counsel, arguing she had done an insufficient job on his direct appeal.[21] On appeal, Martinez's counsel began collateral proceedings but failed to argue his trial counsel had been ineffective.[22] When Martinez later attempted to raise this argument in a subsequent *habeas* petition, the court dismissed his claim as procedurally defaulted.[23] On appeal the Supreme Court addressed the standard from *Coleman v. Thompson*,[24] holding a prisoner could not show cause to excuse a procedural default based on an attorney's errors in direct-appeal post-conviction relief "because the attorney is the prisoner's agent…under well settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent."[25] This decision barred prisoners by default from bringing ineffective assistance claims in a subsequent collateral proceeding if their attorney did not raised the claim in the initial collateral proceeding.[26] In *Martinez*, the Court created a narrow exception to this rule, holding a prisoner

4

may establish cause for a procedural default in initial review collateral proceedings because of the "key difference between initial-review collateral proceedings and other kinds of collateral proceedings."[27] The Court recognized prisoners are ill-equipped to represent themselves, lacking a brief from counsel or an opinion from the court and often assert ineffective assistance claims against the very attorneys representing them on appeal.[28]

Based on this risk to prisoners of inadvertently waiving their right to bring an ineffective assistance claim, the Court created two circumstances for a prisoner to establish cause for a procedural default in ineffective assistance cases.[29] First, cause for default is warranted if "the state courts did not appoint counsel in the initial-review collateral proceeding," or second, "appointed counsel in [the] proceeding...was ineffective under the standards of *Strickland v. Washington*."[30] To prevail, the prisoner must demonstrate their underlying ineffective assistance claim is a "substantial one," possessing "some merit."[31] However, even in creating this equitable procedure to examine initial-review collateral proceedings, the Court cautioned "[t]he rule in *Coleman* governs all but the limited circumstances recognized here."[32] *Martinez* did not address the issue of timeliness in relation to Rule 60(b)(6), extending only so far as excusing default in the context of initial review collateral proceedings.

Five years after *Martinez*, the Supreme Court clarified its position on a narrow part of default under Rule 60(b)(6) in *Buck v. Davis*.[33] In *Buck*, a prisoner challenged his 1995 life sentence for murder based upon the testimony of a psychologist called by his attorney who testified he posed a statistically higher risk to society based upon his race.[34] Buck did not raise an ineffective assistance of counsel claim in his first habeas petition.[35] The court found subsequent attempts to raise the issue to be barred by procedural default under *Coleman*.[36] In the meantime, the Court issued *Martinez*, recognizing cause for procedural default in ineffective assistance of

5

counsel cases and Buck appealed.[37] The Court considered whether the questions about Buck's race presented during sentencing would allow federal review of his defaulted ineffective assistance claim.[38] Relief under the catchall provision of Rule 60(b)(6) is only available in "extraordinary circumstances" which "rarely occur in the habeas context."[39] Buck argued the racial nature of the testimony at his sentencing allowed him to avoid procedural default and reopen his ineffective assistance claim.[40] The Court agreed, citing the state's confession it had erred by allowing racial testimony in other cases similar to Buck's and the insidious role race plays in the justice system.[41] Allowing discrimination on the basis of a person's skin color "poisons the public confidence" in the judicial process and amounts to the extraordinary circumstances Rule 60(b)(6) is designed to address.[42]

If Mr. Austin is arguing *Buck* marks an event from which his Rule 60(b)(6) motion should be measured, we agree with other courts denying this same argument.[43] Our court of appeals has held *Martinez* to be a *habeas* decision from which certain Rule 60(b)(6) motions may be timed, but *Buck* is too narrow of a clarification to be given the same treatment as to timing.[44]

Even if Mr. Austin could use *Buck* as a point to mark a reasonable time for his present petition, a Rule 60(b)(6) motion in *habeas* cases is only available in extraordinary circumstances. In *Beck*, the court found extraordinary circumstances based on an implication a jury had sentenced the petitioner to death due to expert evidence which implicated race as a factor for violence.[45] Our court of appeals further enumerated Rule 60(b)(6)'s application in *habeas* issues as being extremely rare.[46]

Mr. Austin argues his case is extraordinary due to the findings of the trial court being contrary to part of the testimony of the Commonwealth's expert witness.[47] This is not a case

where racism is implicated in the expert testimony, as in *Buck*. Mr. Austin's claim is yet another challenge to Judge Stout's 1994 findings as contrary to testimony presented to her. He disagrees with the state court judge's findings. He cites no evidence of an overriding extraordinary circumstance rising to the level of "extraordinary" necessary for considering a Rule 60(b)(6) motion challenging a 2003 Order from Judge Pollak. Mr. Austin's arguments as to the timeliness of his Rule 60(b)(6) petition are rejected.

### III. Conclusion

Mr. Austin does not proffer extraordinary grounds to allow us to consider his Rule 60(b)(6) motion asking to amend a May 21, 2003 Order denying his *habeas* petition. Instead, we find unreasonable time between the May 21, 2003 Order and his September 2017 motion. We deny his motion to reopen his *habeas corpus* petition under Rule 60(b)(6) in the accompanying Order.

---

[1] ECF Doc. No. 26 at 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Fed. R. Civ. P. 60(b).

[11] Fed. R. Civ. P. 60(c).

[12] *Moolenar v. Government of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987).

[13] ECF Doc. No. 26.

[14] *Fraticelli v. Piazza*, No. 08-688, 2008 WL 2152058 (E.D. Pa., May 22, 2008).

[15] *Thompson v. Superintendent Coal Township SCI*, No. 17–1239, 2017 WL 3272205 (3d Cir. 2017).

[16] *Id.*

[17] *Id.*

[18] ECF Doc. No. 33, p. 10.

[19] *Compare Id.* at p. 10 ("In 2017 the United States Supreme Court decided *Buck v. Davis*...a requirement of a Rule 60(b) motion is that it be made in a reasonable time. The petitioner had an appeal pending in the State Supreme Court which was denied after the *Buck* decision.") *with Id.* at p. 9 ("This is a case that qualifies as an extraordinary case.") (citing *Buck v. Davis*, 137 S.Ct. 759 (2017)).

[20] *Martinez*, 556 U.S. at 8.

[21] Id. at 4.

[22] *Id.*

[23] *Id.* at 6-7.

[24] *Coleman v. Thompson*, 501 U.S. 722 (1991).

[25] *Martinez*, 556 U.S. at 10 (citing *Maples v. Thomas*, 132 S.Ct. 912, 922 (2012)(internal quotations omitted)).

[26] *Martinez*, 556 U.S. at 10.

[27] *Martinez*, 556 U.S. at 10.

[28] *Id.* at 11.

[29] *Id.* at 14.

[30] *Strickland v. Washington*, 466 U.S. 668 (1984).

---

[31] Martinez, 556 U.S. at 14.

[32] *Id.* at 16.

[33] *Buck v. Davis*, 137 U.S. 759 (2017).

[34] *Id.* at 770-71.

[35] *Id.* at 770.

[36] *Id.*

[37] *see Id.* at 772

[38] *Id.* at 772.

[39] Id. at 772 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

[40] *See Id.* at 778.

[41] *Id.*

[42] *Id.* at 778-79 (citing *Davis v. Ayala*, 135 S.Ct. 2187, 2208 (2015).

[43] *Williams v. Kelley*, 855 F.3d 833, 836, n. 2 (8th Cir. 2017)("And while the recent *Buck* decision clarifies that a Rule 60(b)(6) motion can be a successful mechanism to raise a claim of *Martinez* default post-judgment, Davis concedes that *Martinez* and *Trevino* represent "the revolution in the law" applicable to this case.")(citing *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013)).

[44] *See Cox v. Horn*, 757 F.3d 113, 116 (3d Cir. 2014)("[I]t is important that we acknowledge—and, indeed, we warn—that, unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail.").

[45] *Buck*, 137 S.Ct. at 778.

[46] *Cox v. Horn*, 757 F.3d 113, 125 (3d Cir. 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005)).

[47] ECF Doc. No. 33, p. 5.